Judge Marshall
delivered the Opinion of the Court.
This bill was filed by the widow of Thomas Middleton, for the purpose of obtaining dower in certain lands conveyed by her husband, in his lifetime, and which, by the will of his remote grantee, have passed to Samuel Worthington, an infant. From a decree declaring the widow’s right to have her dower in the lands, and appointing commissioners to allot the same, the defendant Worthington has appealed to this Court.
The principal question now presented for our decision is, whether the complainant’s right of dower was, or was not, relinquished during coverture; and that question arises on the following facts. The deed from Thomas Middleton bears date on the Ilth of July, 1821, and was acknowledged by him, on the 13th of the same month, in the office of the clerk of the County Court of Warren county, in which county the land is situated.— The wife of the grantor is not named in the deed, nor is her name or seal affixed to it; but there is appended to it, the following certificate: — “Kentucky, Warren Coun41 ty, Set: I, Patrick H. Boisseau, deputy clerk for Jon-44 athan Hobson, clerk of the County Court of said coun- *301 “ ty, do certify that, on this day, Dicy Middleton, wife “ of the within named Thomas Middleton, was examined “ by me, in said clerk’s office, separate and apart from “ her husband, the said Thomas, declared that she re- “ linquished her dower to the land and premises in this “ deed conveyed, and was willing the same should be “ recorded. And that I have recorded this certificate “ (the deed having been recorded,) as required by law. “Witness my hand, this 13th day of August, 1821”— which is properly signed.
Can dower be effectually relinquished without deed, by a mere declaration of the wife, made before the clerk, on privy examination, and certified and recorded by him ? The only regular mode of barring dower, according to the English law, was by fine or recovery, in which both husband and wife were united. It is only by virtue of statutory enactments of Virginia and Kentucky, that dower is otherwise barred by any act of the wife during coverture, purporting to pass or relinquish it. Do any of these enactments authorize its relinquishment in the manner above stated ?
It is contended that the third section of the act of 1792 (Stat. Law, 436,) confers the authority upon two Justices of the Peace to take the relinquishment of dower, though the wife may not have executed the deed by which the husband has conveyed the land; that by virtue of that section, the certificate of the Justices, showing a relinquishment by the wife, upon privy examination, without the execution of any instrument by her, must, when recorded, be deemed sufficient; and that, by the second section of the act of 1803, (Slat. Law, 446,) which declares it to be lawful “for any relinquishment of dower to be acknowledged before the .county court clerk” &c., the same authority of taking the relinquishment is given to the clerk, and the same effect imparted to his recorded certificate of the fact. It is further alleged that this construction of the acts referred to, has prevailed to a great extent in this State; that the right of dower has been, in many instances, passed, or attempted to be passed, in this manner, without the execution of any deed by the feme; and that a determi *302 nation now, that this mode is ineffectual, will disturb the land titles of the country by exposing many estates to the assertion of the right of dower, in cases where it was intended, and supposed to have been 'extinguished.
In relation to the argument founded on the alleged practical construction of these acts, it is sufficient to say, that, in a case of doubtful construction, the. prevalence of such a practice would be entitled to great and decisive influence; and that, ignorant as we are of the extent to which any such practice may have prevailed, we are disposed so to construe the statutes on the subject, as that, in this instance, though it should be the only one of the kind, the act of the party and of the officer of the law may rather be availing than ineffectual, But the question is essentially one of construction, and must be determined by a collation and comparison of the' enactments which have been referred to, and others on the same subject. By the laws existing at and prior to the passage of the act of 1792, a feme covert, in order to pass, or relinquish, either her inheritance or right of dower, must have been privily examined in open court, or by two Justices under the authority of a commission, and must have executed the deed by which the land was conveyed. The principal object and .effect of the act of 1792, was to facilitate the acknowledgment of deeds, by authorizing it to be done with effect before two Justices of the Peace, without the formality of a commission from the court or county where the deed was to be ultimately recorded. The first section authorizes husband and wife residing in a county in which the land to be conveyed does not lie, to subscribe and acknowledge the deed before two Justices of the county, in which they reside; and the Justices are empowered, on privily examining the wife, whether she, with her own free will &c., relinquished her dower in the lands, to certify the same on the deed' &c. The second section provides that, where the parties reside in any other State, they may proceed in the same manner (as to the execution and acknowledgment of the deed and relinquishment of dower.) And the third section, after a recital that “ in many instances *303 deeds have been recorded where the wife has not relinquished her right of dower, owing to the great inconveniency thereof,” enacts, that in such cases, it shall be lawful for her to relinquish her right of dower to the lands so deeded, before two justices of the peace in the county; “and such justices having previously examined her as is before directed, shall certify the same under their hands,” which certificate, recorded in the court where the deed is recorded, is declared to be sufficient.
Upon this view of the act, it is evident: first — that this portion of the third section applies only to conveyances previously made, in which the wife had not relinquished her right of dower; second — that even with regard to these, it intended to make no change as to the form of the deed, or the manner of its execution, but only as to the tribunal or authority by which the privy examination and consent of the wife to the relinquishment of her dower, should be taken and certified; and third — that it did not, even in those cases, dispense, or intend to dispense, with the execution of the deed by her, but rather supposes that she had signed and sealed the deed as required by previous laws, but that the privy examination and relinquishment had not been made owing to the inconvenient requisitions of her appearance in court, or of a commission to two justices.
But the same section proceeds further, as follows: — ■ “ And in all cases where a deed is made by the parties “ residing in the county where the land may lie, it shall “ be lawful for the feme covert to relinquish her right of “ dower in like manner” &c. The first section having provided for the case where the parties (that is, the grantor and his wife, if he had any,) reside in a different county from that where the land is — this clause provides for the case where the parties to the deed reside in the same county in which the land lies; and from its own language, as well as by its reference to the manner previously designated for relinquishing the right of dower, it must be understood as contemplating and providing for no other case but one in which the wife, as well as the husband, is a party to the deed. Certainly it has no reference to the residence of the grantee, which is *304 in no respect material. Its provisions relate solely to the feme whose dower is to be relinquished. The case provided for, is where the parlies to the deed reside in the county, &c. And we can come to no other conclusion but that the wife is looked to as one of the parties to the deed, and that it is as a party to the deed, that she is authorized to relinquish her dower in the mode pointed out in the act.
As it is not contended, and cannot with any reason be supposed, that the second- section of the act of 1803, intended any thing more than to transfer to the clerk of the County Court the same power to take relinquishments of dower which had previously existed in the Courts, or in two justices of the peace, or in any other authorities — we need say nothing on that subject, further than to express our decided opinion that the section referred to does not dispense with the execution of a deed by the feme, but merely dispenses with the necessity of' the examination and declaration being taken and certified by any other than the clerk.
Whether the dower of the wife may be transferred or relinquished by the execution of any other instrument than the deed conveying the husband’s estate, need not be decided. We know of no statute which authorizes the relinquishment to be made by mere declaration, made privily before the clerk, and certified by him.
There was, therefore, no error in decreeing that the complainant was entitled to dower; and the decree not being in other respects final, it is, therefore, not deemed necessary to notice other errors assigned, which may not exist when the Circuit Court acts finally upon the report of the commissioners.
Wherefore, the decree, so far as it declares the complainant’s right to dower in the land in the bill mentioned, is affirmed.